**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: GADOLINIUM-BASED CONTRAST AGENTS PRODUCTS LIABILITY LITIGATION** | Case No. 1:08 GD 50000 |
| | MDL No. 1909 |
| | **Judge Dan Aaron Polster** |
| **Adolphus Jones Jr., Individually and as Special Administrator for the Estate of Ramon Jones** | Case No. 1:10 gd 50027 |
| - against - | **MEMORANDUM OF OPINION** and **ORDER OF REMAND** |
| **Bayer Healthcare Pharmaceuticals, Inc. et al.,** | |

Before the Court is Plaintiff's Motion for Remand (**Doc #: 11**). For the following reasons, the Motion is **GRANTED**, and the Clerk of Court is directed to **REMAND** this case to the Circuit Court of Cook County, Illinois.

**I.**

On or about April 24, 2009, Plaintiff Adolphus Jones Jr., individually and as Special Administrator for the Estate of Ramon Jones (an Illinois citizen), commenced this action in the Circuit Court of Cook County, Illinois under Case No. 2009 L 004888. Therein, Plaintiff sued Northwestern Memorial Hospital ("Northwestern") (an Illinois citizen) and Bayer Healthcare

Pharmaceuticals, Inc. and related companies (collectively, "Bayer") (presumably, non-Illinois citizens) for personal injuries and wrongful death to Ramon Jones caused by exposure to Magnevist, Bayer's gadolinium-based contrast agent ("GBCA"). On September 29, 2009, Plaintiff amended the complaint to include claims against GBCA manufacturers Mallinckrodt, Inc. ("Mallinckrodt") and Tyco Healthcare Group, LP (also presumably, non-Illinois citizens).

On February 12, 2010, Mallinckrodt removed the case to the U.S. District Court for the Northern District of Illinois based allegedly on diversity jurisdiction, where it was assigned Case No. 1:2010cv00996. (Doc #: 1.) Despite the apparent lack of diversity on the face of the original and amended complaints, Mallinckrodt nonetheless claimed that diversity jurisdiction existed because (1) at a status conference held in state court on January 15, 2010, Northwestern's counsel advised that it had reached a tentative settlement agreement with Plaintiff's counsel's firm to resolve all four of the firm's cases against it, (2) at the January 15, 2010 status conference, when the judge asked Plaintiff's counsel about the status of Northwestern in another case, Plaintiff's counsel responded, "Northwestern is no longer in the case," and (3) in a phone call with Northwestern's counsel on January 21, 2010, counsel advised Mallinckrodt's counsel that his firm had tentatively agreed to settle all of Plaintiff's counsel's firm's cases against it, but that he did not expect the voluntary dismissal entries to be filed for at least six to eight weeks, if not longer, to allow the parties time to complete the paperwork. (Id. ¶¶ 5-8.) Based on these allegations, Mallinckrodt removed the case to federal court within thirty days of what it considered to be "the earliest possible date from which it could be first ascertained" that Plaintiff was no longer pursuing his claims against Northwestern. (Id. ¶ 10.)

Mallinckrodt then filed a Motion to Stay pending transfer of the case to this MDL.  (Doc #: 6.)  On March 4, 2010, while that motion was pending, Plaintiff filed the pending Motion to Remand.  (Doc #: 11.)  While the remand motion was pending, the Illinois district court transferred the case to this MDL.  (Doc #: 18.)

In the Motion to Remand, Plaintiff argues that Northwestern is still a party in this case, Plaintiff still has valid claims against Northwestern, and, because diversity was not complete at the time of removal and is still not complete, the court lacks subject matter jurisdiction over it. (Doc #: 11.)  Mallinckrodt has filed an opposition brief, arguing that Plaintiff is engaged in gamesmanship by not formally dismissing Northwestern from the case.  (Doc #: 21.)  According to Mallinckrodt, the one-year deadline for removal of the case based on diversity is April 24, 2010, and Plaintiff has intentionally delayed dismissing Northwestern past the deadline for the sole purpose of keeping this case in state court.  (Id.)  Mallinckrodt also argues that Plaintiff's delay in formally dismissing Northwestern does not affect removal.  (Id. at 5-6.)  In the alternative, Mallinckrodt argues that Northwestern is neither a necessary nor indispensable party; thus, the Court can sever and remand the claims against Northwestern while retaining jurisdiction over the claims against the diverse defendants.  (Id. at 6-11.)  Finally, Mallinckrodt asks the Court to allow limited discovery on the question of Plaintiff's settlement of its claims against Northwestern before remand (id. at 11).  The Bayer Defendants have joined Mallinckrodt's opposition to remand.  (Doc #: 21.)  Plaintiff has filed a reply brief countering Mallinckrodt's arguments (Doc #: 23), and Mallinckrodt has filed a surreply (Doc #: 24).

**II.**

The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by the Constitution and by statute." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted). Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." Under the statute governing diversity jurisdiction, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ." 28 U.S.C. § 1332(a)(1).

The burden of establishing federal jurisdiction is upon the defendants as the removing party. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994) *(citing Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir.1993))*; Charles A. Wright, Arthur A. Miller, et al., Federal Practice and Procedure, Vol. 14A, § 3721 (1985). Jurisdiction is determined as of the time of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). When removal is based upon diversity jurisdiction, the defendant must show that diversity is complete, i.e., that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) *(citing SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir.1989))*.

**III.**

The Court finds that diversity jurisdiction did not exist at the time Mallinckrodt removed the case to federal court.  The most that can be said about this case is that Plaintiff's counsel's firm tentatively agreed to settle its four cases against Northwestern in January 2010.  Based on these facts, the Court concludes that Mallinckrodt's removal of the case to federal court in February was premature.  Mallinckrodt has not produced a dismissal entry in any of the other three cases Plaintiff's counsel's firm tentatively settled with Northwestern.

The Court disagrees with Mallinckrodt's argument that Northwestern is neither a necessary nor indispensable party.  The claims against Northwestern are premised upon the claims against the defendant manufacturers; thus, the claims against all defendants are inextricably intertwined.  The issues in this case include whether Plaintiff's deceased had NSF, whether the defendant manufacturers' GBCA caused the NSF, whether the defendant manufacturers adequately notified Northwestern of the risks of administering GBCA to persons with severe renal impairment, and whether Northwestern knew or should have known of those risks.  In any event, if Mallinckrodt believes that the claims against Northwestern are in fact severable, it should have moved for severance of those claims in state court prior to removal.  While the Court appreciates the interest of GBCA manufacturers in having as many of the GBCA product liability cases against them litigated in an organized manner in this MDL, the Court will not ignore subject matter jurisdiction to do so – particularly where such jurisdiction is lacking on the face of a complaint.

**IV.**

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Remand (**Doc #: 11**).

As such, the Court hereby **ORDERS** the Clerk of Court to **REMAND** this case to the Circuit Court of Cook County, Illinois.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     May 12, 2010*
**Dan Aaron Polster**
**United States District Judge**